UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 18, 2008

## LETTER ORDER

**Re:** Tameika Smith v. CHS, Inc., et al.,
Civil Action No. 03-5519 (JAP)

Dear Counsel:

The Court received Ms. Donnelly's letter dated January 15, 2008 requesting that the Court permit the government to serve its pediatric neurology expert report within 15 days of the child's examination, which Ms. Donnelly hopes occurs on January 31, 2008. Ms. Donnelly requests this extension because while the government understood that it would have separate liability experts from its co-defendant, CHS, Inc. ("CHS"), it mistakenly thought that CHS's pediatric neurology expert would serve for both CHS and the government. Ms. Donnelly argues that it became apparent to the United States after the Court's most recent telephone conference, that the government would not be able to share a pediatric neurology expert with its co-defendant. Further, Ms. Donnelly states that the mistaken belief that defense experts could be shared was an error in judgment on her part.

Plaintiff objects to Ms. Donnelly's request, arguing that it would place Plaintiff in an unfair position. Plaintiff notes that there is a settlement conference currently scheduled with the Honorable Joel A. Pisano ("Judge Pisano") on January 31, 2008 and that the trial of this matter is set to commence on March 3, 2008,

only 30 days after that settlement conference. Plaintiff, who originally filed this matter in 2003, objects to any adjournment of the settlement conference or rescheduling of the trial date. Plaintiff argues that the closer this case moves to trial, the more difficult it will become to schedule and meaningly participate in rescheduled settlement conferences because of the time and expense associated with trying a case. Plaintiff also argues that if the United States is permitted to produce a defense medial expert report as requested, then Plaintiff will require time to prepare for and take the expert's deposition, which would not occur until sometime in late February.

The Court notes that it held a telephone conference in this matter on December 21, 2007. The Court further notes that during this telephone conference the Court dealt with several discovery and scheduling issues; however, at no time did the government raise this issue regarding its need to obtain a separate pediatric neurology expert. Similarly, at no time during the December 21, 2007 telephone conference did the government alert this Court to the fact that it might need an extension of the Court's January 15, 2008 deadline for the submission of defense expert reports, despite the fact that its co-defendant, CHS, vocalized this very request. Indeed, the government instead chose to wait 25 days until January 15, 2008, the very day its defense expert reports were due, to contact the Court seeking an extension of the applicable deadline. Moreover, the government does not merely seek an extension until January 25, 2008, the date its co-defendant's medical expert report is due, but rather seeks 15 days from its expert's examination of the child. The Court notes that the subject examination is currently not scheduled, though the government "hope[s]" it occurs on January 31, 2008, a date objected to by Plaintiff as Judge Pisano set a settlement conference in this matter for that day; a settlement conference that the government was fully aware of and which it now hopes is adjourned pursuant to its separate request to Judge Pisano.

The Court denies the government's request. The Court notes that pursuant to FED.R.CIV.P. 16(b), it originally set November 9, 2007 as the deadline for the submission of defense expert reports. For good

cause shown, the Court later extended this deadline until January 15, 2008 for all defendants and, for CHS, extended it again until January 25, 2008. The government now seeks another modification.

The Court finds that pursuant to FED.R.CIV.P. 16(b), the government must establish good cause for the modification it now seeks. The Court further finds that regardless of whether good cause would have existed to allow an extension when the government learned that it needed to obtain its own pediatric neurology expert, the government has failed entirely to establish good cause for its delay in seeking this extension. Instead, the government sat on its hands until the eleventh hour, waiting until the day its medical expert report was due to seek an extension. Moreover, the extension sought is not unobtrusive, but rather would have a noticeable impact on the Court's schedule. Indeed, if granted, it appears that the trial in this matter would certainly have to be postponed as the government's pediatric neurology expert report would not be produced until February 15, 2008 at the earliest. Plaintiff would then have to be given the opportunity to prepare for and conduct the deposition of the government's expert, which, given the timetable just described, would likely not occur until at least the last week of February. The parties would then have to draft, agree upon and submit a joint Final Pretrial Order to the Court, and, this submission would have to be made in advance of the Court's Final Pretrial Conference, which of course would have to be held before the March 3, 2008 trial date, clearly improbable if not impossible. Further, even if the government's proposed extension had no impact on the current trial date, it would still unfairly burden Plaintiff.

For these reasons, the Court denies the government's request. Nevertheless, the Court will grant the government a short extension of the January 15, 2008 deadline. The government has until January 29, 2008, two days before the Court's settlement conference, to submit its pediatric neurology expert report. Failure of the government to submit its pediatric neurology expert report on or before that date may lead to the imposition of sanctions, including but not limited to being barred from submitting and/or relying on this expert report.

**IT IS SO ORDERED.**

                                                s/ Tonianne J. Bongiovanni
                                      **TONIANNE J. BONGIOVANNI**
                                      **United States Magistrate Judge**