UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| **Tameika Smith,** *individually and* | : | |
| *as the parent and natural guardian of* | : | |
| **Sincere Smith,** *a minor* | : | |
| | : | DOCKET NO. **03-5519 (JAP/TJB)** |
| *vs.* | : | |
| | : | |
| **CHS, Inc.**, *individually and/or doing* | : | *Civil Action* |
| *business as* **CHS, Inc. - Mercer Campus** | : | |
| *and/or doing business as* | : | |
| **Capital Health System at Mercer, et. al.** | : | **PLAINTIFF'S TRIAL BRIEF IN** |
| | : | **SUPPORT OF OBJECTION TO THE** |
| | : | **QUALIFICATIONS OF DEFENSE** |
| | : | **EXPERT, JAY GOLDBERG, M.D.** |

I.   STATEMENT OF FACTS

In summary, this is an obstetrics medical malpractice and associated corporate negligence case arising from medical and nursing care provided to plaintiff, Tameika Smith, during her pregnancy with her son, Sincere Smith.  As a direct result of the asserted negligence of the defendants, Ms. Smith's pregnancy induced hypertension and/or preeclampsia, labor and concerning fetal heart monitor tracings were not timely assessed, diagnosed and treated, resulting in severe and debilitating injuries to her son shortly before he was eventually delivered.

In the Joint Final Pre-Trial Order, the hospital and nurse defendants listed Jay Goldberg, M.D., an OB/GYN, as an expert witness expected to testify at trial regarding the standard of care applicable to the defendant-nurses and their compliance therewith.  Plaintiff files this Trial Brief, asserting that Dr. Goldberg's proposed testimony regarding nursing standards of care is inadmissible at trial since, among other reasons, the doctor is not a nurse, has never been trained

as a nurse, has never received any degrees or certifications in nursing, has never written anything on nursing, and has never formulated nor studied nursing policies or standards.

### II.   QUESTION PRESENTED

Should Defendants 'Expert, Jay Goldberg, M.D., Be Prohibited From Testifying at Trial Regarding the Standard of Care Applicable to Defendant Nurses and Their Compliance Therewith When He Has No Specialized Education, Experience or Training Regarding These Issues?

Suggested Answer: Yes.

### III.   ARGUMENT

Defendants 'expert, Jay Goldberg, M.D., should be prohibited from testifying at trial regarding the standard of care applicable to the defendant-registered nurses and their compliance therewith as he has no specialized education, training or experience regarding these issues. New Jersey law provides that nursing is a separate and distinct profession, apart from physicians, with its own practice parameters and standards of care. As Dr. Goldberg is not a member of this profession, and has not been trained nor educated in the area, he cannot be said to possess the requisite degree of knowledge, skill, experience, training or education necessary to testify as a nursing expert under the Federal Rules of Evidence.

   A.   <u>Nursing is A Separate and Distinct Profession, Apart from Physicians, With Its Own Practice Parameters and Standards of Care.</u>

Under New Jersey law, nursing is unique profession with its own standards of care, diagnostic principles and treatment protocols.  Specifically:

> The practice of nursing as a registered professional nurse is defined as diagnosing and treating human responses to actual or potential physical and emotional health problems, through such services as case finding, health teaching, health counseling, and provision of care supportive to or restorative of life and well-being, and executing medical regimens... ***[a nurse 's] diagnostic privilege is distinct from a medical diagnosis***.

N.J.S.A. §45:11-23 *et seq.* (emphasis added).

Additionally, the New Jersey State Board of Nursing promulgates regulations applicable to all nurses practicing within the state, which set forth additional practice parameters and licensing requirements. *See* N.J.A.C. § 13:37-1.1, *et. seq*.

At Dr. Goldberg's deposition on February 19, 2008, he testified that he is unfamiliar with New Jersey's nursing law definitions and requirements. He also testified that the sole basis for his knowledge and experience relating to nursing is that he works with nurses; nursing students and new nurses apparently follow him around during rounds on patients in the hospital, at which time he educates them on basic *medical* principles applicable to obstetrics; and every few years he may give a single one hour lecture to nursing students or new nurses concerning the basic principles of electronic fetal monitoring. He finally testified that he is not familiar with all nursing standards of care.

In contrast, the practice of medicine is defined as the practice of any branch of "any method of treatment of human ailment, disease, pain, injury, deformity, mental or physical condition." N.J.S.A. § 45:9-5.1. Additionally, physicians are regulated by the New Jersey State Board of Medical Examiners. *See* N.J.A.C. § 13:35-1.1, *et. seq*.

Clearly, under applicable New Jersey law, the practice of nursing is a profession separate and distinct from the practice of medicine. Accordingly, Dr. Goldberg – who has no relevant, particular knowledge, education or training concerning nursing standards of care – may not testify at trial to such standards of care.

>    B.   <u>As Dr. Goldberg is Not a Nurse, He May Not Testify To the Standards of Care Applicable to Defendant Nurses Nor Their Compliance With These Standards.</u>

Dr. Goldberg is not qualified to comment on the care provided by defendant Nurses because Dr. Goldberg is not a nurse and has no education, experience or training regarding

nursing. When faced with a proffer of expert testimony, a district court must determine whether or not the proposed expert is qualified by "knowledge, skill, experience, training, or education." F.R.E. 702.[1]

An expert qualified in one subject matter does not thereby become an expert for all purposes. Under F.R.E. 702, testimony is prohibited on subject matters unrelated to the witness's area of expertise. *See, e.g.* Milano by Milano v. Freed, 64 F.3d 91, 97 (2d Cir. 1995) (pediatric neurologist experts not competent to testify about standard of care of radiologist); Mancuso v. Consolidated Edison Co. of N.Y., 967 F. Supp. 1437 (S.D.N.Y. 1997) (rejecting the qualifications of a proffered "expert" concerning PCB exposure, although he was a medical doctor, because he had no experience with toxic torts and his "self-education" in the effects of PCBs was either insufficient or belied by his lack of knowledge under cross-examination); Diaz v. Johnson Matthey, Inc., 893 F. Supp. 358, 372-73 (D.N.J. 1995) (disqualifying a pulmonologist from testifying that the plaintiff had a platinum allergy, because the witness was not an epidemiologist or a toxicologist, had "no other qualifications other than his medical education and his years practicing as a pulmonologist," had only casually studied the literature on platinum allergy, and had never previously treated a patient suffering from platinum allergy); Wade-Greaux v. Whitehall Labs., Inc., 874 F. Supp. 1441, 1476 (D.V.I. 1994), *aff'd* 46 F.3d 1120 (3d Cir. 1994) (a witness educated as a pediatrician, pharmacologist, and toxicologist was not

---

[1] Similarly, New Jersey Rules of Evidence provide: As a prerequisite for the testimony of a witness, there must be evidence that he has personal knowledge of the matter, or experience, training, or education, if such be required. N.J.R.E. 19. Under New Jersey law, the witness must have sufficient expertise to offer the intended testimony. State v. Kelly, 97 N.J. 178, 208; *see also* Kemp v. State, 174 N.J. 412, 424 (2002); DeHanes v. Rothman, 158 N.J. 90, 100 (1999); Landrigan v. Celotex Corporation, 127 N.J. 404, 413 (1992); Toy v. Rickert, 53 N.J. Super. 27, 146 A.2d 510 (App. Div. 1968).

qualified to testify regarding the cause of birth defects, because he had merely reviewed selected literature on the subject for the purposes of litigation).

This Court has ruled that expert testimony should be proffered by an expert who is "qualified by their own knowledge and experience and *in the same profession* " so that the expert can testify as to whether the health care provider failed to excise the degree of knowledge and skill which usually pertains to other members of his profession. <u>Mottola v. City of Union City</u>, 2007 U.S. Dist. LEXIS 51466 (D.N.J. 2007) (emphasis added); *see also* N.J.S.A. § 2A:53A-41 (requiring physicians testifying in medical malpractice actions to be of the same specialty or subspecialty as the defendant).

### IV.     CONCLUSION

In the instant case, Dr. Goldberg is not qualified to testify as a nursing expert. Dr. Goldberg is not a nurse, nor does he have any specialized knowledge, training, or experience with regard to the nursing profession or standards of care applicable to defendant Nurses. As such, Dr. Goldberg should be precluded from testifying at trial regarding the standard of care applicable to defendant Nurses and their compliance therewith.

>               RESPECTFULLY SUBMITTED:
>
>               ***VILLARI, BRANDES & KLINE, P.C.***
>
>               <u>/s/ Paul D. Brandes, Esquire</u>
>
>               Peter M. Villari, Esquire
>               Paul D. Brandes, Esquire
>               Villari, Brandes & Kline, P.C.
>               4101 Route 42
>               Turnersville, NJ 08012
>               (Counsel for Plaintiff)

Dated: February 20, 2008

5

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*
*TRENTON VICINAGE*

| | | |
|---|---|---|
| **Tameika Smith,** *individually and* | : | |
| *as the parent and natural guardian of* | : | |
| **Sincere Smith,** *a minor* | : | |
| | : | DOCKET NO. **03-5519 (JAP/TJB)** |
| *vs.* | : | |
| | : | |
| **CHS, Inc.**, *individually and/or doing* | : | *Civil Action* |
| *business as* **CHS, Inc. - Mercer Campus** | : | |
| *and/or doing business as* | : | |
| **Capital Health System at Mercer, et. al.** | : | **PROOF OF SERVICE** |

    I, Paul D. Brandes, Esquire, of full age, hereby certify that on February 20, 2008, I served via ECF Filing the within plaintiff's Trial Brief regarding Objections to the Qualification of Defense Expert, Jay Goldberg, M.D., upon:

Dorothy Donnelly, Esquire  
United States Department of Justice  
402 East State Street, Room 430  
Trenton, NJ  08608  
*For defendant, USA*

Thomas M. Walsh, Esquire  
Parker McCay, PA  
Three Greentree Centre  
7001 Lincoln Drive West  
Marlton, NJ  08053  
*For defendants, Hospital and Nurses*

Charles C. Daley, Jr., Esquire  
1314 Hooper Avenue, Building A  
Toms River, NJ 08753  
*For defendant, USA (as co-counsel)*

    I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                      VILLARI, BRANDES & KLINE, P.C.

By: /s/ Paul D. Brandes, Esq.  
      Paul D. Brandes, Esquire (9807)  
      4101 Route 42  
      Turnersville, NJ  08012  
      (856) 354-8717  

Dated: February 20, 2008      *Attorneys for Plaintiff*

6